# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

No. 22-60284
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANK MCAFEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:22-CV-8
USDC No. 2:15-CR-22-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Frank McAfee, federal prisoner # 07414-043, appeals the denial of his 28 U.S.C. § 2255 motion. McAfee's judgment reflects a plea of guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and 500 grams or more of cocaine hydrochloride. A COA was granted on the issue of whether McAfee's appellate counsel rendered

---

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.

ineffective assistance "by failing to raise a claim that his guilty plea was not knowing and voluntary because he believed he was pleading guilty to a substantive offense" rather than a conspiracy offense. We review the district court's factual findings for clear error and its legal conclusions and determinations concerning ineffective assistance de novo. *United States v. Scott*, 11 F.4th 364, 368 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 827 (2022).

To establish ineffective assistance of counsel, McAfee must establish both (1) that counsel's performance was deficient because it fell below an objective standard of reasonableness and (2) that the defense was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To show ineffective assistance of appellate counsel, he must establish that counsel failed to raise a nonfrivolous challenge on direct appeal and that there is a reasonable probability that the outcome of the appeal would have been different if counsel had raised the issue. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000); *Halprin v. Davis*, 911 F.3d 247, 260 (5th Cir. 2018).

McAfee argues that his appellate counsel was ineffective for failing to raise a claim on appeal that the district committed error during his rearraignment proceeding because it misled him into believing that he was pleading guilty to a substantive controlled substance offense rather than the conspiracy controlled substance offense with which he was charged and was adjudicated guilty in the judgment. Had McAfee's appellate counsel raised this claim on appeal, our review would be for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59, 73–74 (2002); *United States v. Alvarado-Casas*, 715 F.3d 945, 951–54 (5th Cir. 2013). In order for counsel to have established plain error, he would have had to demonstrate: (i) an error (ii) that is clear or obvious, and (iii) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he was able to make that showing, this court would have had discretion to correct the error if it "seriously affect[ed]

No. 22-60284

the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

First, McAfee fails to show a reasonable probability that this court would have found any clear or obvious error. Count 1 of his indictment clearly charged him with a conspiracy, and he attested at his rearraignment that he had received a copy of his indictment and reviewed it with his counsel. Additionally, his written plea agreement stated that he was pleading guilty to Count 1, and he signed his plea agreement after attesting that he had read it, his counsel had explained its terms, and he had understood, voluntarily accepted, and agreed to its terms. Moreover, at rearraignment, McAfee affirmed his desire to change his "previously entered plea of not guilty to a plea of guilty to the charge of conspiracy to possess with intent to distribute a controlled substance," and the district court reaffirmed multiple times that McAfee was pleading to a conspiracy offense and advised him of the elements of a conspiracy offense.

We recognize that the district court asked McAfee how he pled "to the charge, possession with intent to distribute . . . ," rather than asking him how he pled to the charge of conspiracy to possess with the intent to distribute. However, in light of all of McAfee's prior unambiguous acknowledgements and the district court's clear statements at rearraignment that McAfee was pleading guilty to a conspiracy offense, it cannot be said there was an error that was "clear or obvious, rather than subject to reasonable debate." *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009).

Second, McAfee fails to demonstrate a reasonable probability that this court would have found that McAfee's substantial rights were affected by any purported error. *See Puckett*, 556 U.S. at 135. As a preliminary matter, he does not explicitly claim that he never would have pled guilty to the

3

conspiracy offense with which he was charged or that he would have sought to withdraw his plea had he known that he did. Additionally, McAfee cannot show that any error affected the length of his sentence, because the sentencing consequences are the same for both a conspiracy and a substantive controlled substance offense. *See* 21 U.S.C. § 846. Finally, our review of the remainder of the record—including the presentence report (PSR), McAfee's objections to the PSR, the sentencing transcript, McAfee's first 28 U.S.C. § 2255 motion, and his motion for a certificate of appealability—lends support to the notion that McAfee did not misunderstand the offense to which he was pleading guilty at rearraignment. *See Vonn*, 535 U.S. at 59.

Because McAfee fails to demonstrate that, had his appellate counsel raised the extant claim, there is a reasonable probability that this court would have found a clear or obvious error that affected his substantial rights, he fails to make out a claim for ineffective assistance of appellate counsel. *See Puckett*, 556 U.S. at 135; *Robbins*, 528 U.S. at 285–86.

AFFIRMED.
